UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CRAIG WEIGHALL,

        Plaintiff,

v.

DOUG WADDINGTON, et al.,

        Defendants.

CASE NO. C06-1675RSM

ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Craig Weighall, appearing *pro se* and *in forma pauperis*, filed this prisoner civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendants violated his Eighth Amendment rights by deliberate indifference to his serious medical needs. Defendants moved for summary judgment and plaintiff opposed the motion with a memorandum and exhibits. On August 15, 2008, Magistrate Judge Brian A. Tsuchida issued a thorough and well-reasoned Report and Recommendation finding that defendants' motion for summary judgment should be granted and the action dismissed. Dkt. # 77. The Court shall approve and adopt the Report and Recommendation in its entirety. This Order addresses certain allegations made by plaintiff in his objections to the Report and Recommendation (Dkt. # 84.)

The facts are well-known to the parties and well-summarized in the Report and Recommendation, and need not be repeated here. Briefly stated, plaintiff's complaint is that he did not receive proper care

ORDER - 1

for abrasions, breakdown, and infections of the scar tissue covering an amputation site. Defendants provided evidence that plaintiff was seen and treated by medical persons at least 190 times during the relevant period; some of these medical visits were outside consults. Plaintiff's medical records comprise 519 pages.

In his objections to the Report and Recommendation, plaintiff asserts that certain statements in the Declaration of J. David Kenney, M.D. are "unsubstantiated" or are hearsay. The Court notes that Dr. Kenney was Medical Director at the Monroe Correctional Complex during the events that gave rise to plaintiff's complaint, and at times he actually treated plaintiff. As a medical professional, he is qualified to review and summarize the medical records. Neither the records nor plaintiff's statements recorded therein for the purpose of medical diagnosis are "hearsay". *See*, Rules of Evidence for United States Courts and Magistrates, Rule 803.

Nor are the statements in Dr. Kenney's declaration unsubstantiated as plaintiff alleges. Each section of Dr. Kenney's declaration to which plaintiff objects is supported by the medical records, which appear in the exhibits attached to defendants' reply, Dkt. # 68. Addressing plaintiff's specific objections, the Court finds that the following pages in the medical records provide the factual basis for Dr. Kenney's declaration:

1) Plaintiff objects that there is no evidence to substantiate Dr. Kenney's reference in ¶ 4 of his declaration, and elsewhere, to plaintiff's statements that he had "organisms", "bugs", or "parasites" in his wound. However, there are numerous references in the medical records to such statements made by plaintiff to the treating nurse or physician, including but not limited to pp. 8, 46, 82, 117, 131, and 133, Dkt. # 68-2.

2) Plaintiff objects that Dr. Kenney's reference in ¶ 6 of his declaration to six separate dates in November, 2005 when plaintiff sought and received treatment is "unsubstantiated" and a "complete fabrication." Dkt. # 82, p. 3. The fact that plaintiff did receive treatment on these dates is documented in the medical records at Dkt. 68-2, pp. 130-135.

3) Plaintiff objects that Dr. Kenney's reference in ¶ 8 of his declaration to plaintiff's diagnosis and treatment by Dr. Kurshid is "hearsay". As noted, Dr. Kenney's testimony based on the medical records is

ORDER - 2

not hearsay. Dr. Kurshid's diagnosis and recommendations are found at Dkt. 68-2, p. 117.

4) Plaintiff contends that statements in ¶ 9, regarding presentation of his case to a Case Review Committee ("CRC") are unsubstantiated. The CRC's report appears in the medical records at pp. 120-121.

5) In ¶ 11 of his declaration, Dr. Kenney states that plaintiff was seen by Dr. Munk. Plaintiff contends that there is no documentation for this and further that Dr. Kenney's statement is hearsay. The documentation of plaintiff's examination and diagnosis by Dr. Munk of the Evergreen Orthopedic Clinic appears at pp. 17-18 in the medical records.

6) In ¶ 12 of his declaration, Dr. Kenney describes an assessment by Dr. Kim, a reviewing physician, that plaintiff suffered from delusions of parasitosis, and that she (Dr. Kim) had observed plaintiff manipulating and re-inoculating his wounds. Plaintiff objects that this is hearsay, and that Dr. Kim is an infectious disease specialist, not a psychologist. Dr. Kim's assessment appears at p. 22 of the medical records.

7) In ¶ 14 of his declaration, Dr. Kenney describes a surgical procedure involving removal of infected tissue and placement of a wound vac to facilitate healing. Dr. Kenney states that plaintiff agreed to the procedure and it was performed, but that plaintiff prematurely removed the wound vac before treatment was complete. Plaintiff contends that Dr. Kenney's statement is "inconsistent with this prognosis" and that the question should be submitted to a jury. The medical records of this procedure and plaintiff's aftercare, as well as his removal of the wound vac, appear at pp. 35-49 of the medical records.

8) Finally, plaintiff objects that the conclusions of a second CRC submission, as referenced in ¶ 17 of Dr. Kenney's declaration, are unsupported by any documentation. The CRC's notes, including a recommendation for a consult at the University of Washington or Harborview, appear at pp. 82-83 of the medical records.

These citations to the medical record demonstrate that plaintiff's conclusory allegations are without merit, and fail to create a genuine factual dispute regarding defendants' actions.

ORDER - 3

1     Accordingly, it is hereby ORDERED:

2     (1) The Report and Recommendation is approved and adopted;

3     (2) Defendants' motion for summary judgment is GRANTED, and the complaint and action are DISMISSED;

4     (3) The Clerk shall direct copies of this Order to plaintiff at his address of record, to counsel for defendants, and to the Hon. Brian A. Tsuchida, United States Magistrate Judge.

Dated this 4th day of December, 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 4